# EXHIBIT A

IN AND FOR THE COUNTY OF KING, SUPERIOR COURT,
STATE OF WASHINGTON

MADHI SHISHEHGAR, an individual

Plaintiffs

v.

BERKSHIRE HATHAWAY SPECIALTY
INSURANCE, a Foreign Insurance
Company; REDBRIDGE INSURANCE
COMPANY, LTD a Foreign Insurance
Company; DIVE ASSURE a Foreign
Insurance Company

Defendants

NO. 25-2-03044-0 SEA

AMENDED SUMMONS

TO DEFENDANT: BERKSHIRE HATHAWAY SPECIALTY INSURANCE, and to

DEFENDANT: REDBRIDGE INSURANCE COMPANY, LTD, and to

DEFENDANT: DIVE ASSURE

A lawsuit has been started against you in the above-entitled court by Plaintiff Madhi

Shishehgar. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon

you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your

defense in writing, and by serving a copy upon the person signing this Summons within 20 days

AMENDED SUMMONS- 1

Elsner Law Firm, PLLC
23711 Brier Road
Brier, WA 98036
Ph: 206.447.1425
Fax: 206.324.6321

after the service of this Summons, or within 60 days if this Summons was served outside the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment can be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS, is issued pursuant to Rule 4 of the Court Civil Rules of the State of Washington.

Dated this 13th day of February, 2025.

ELSNER LAW FIRM, PLLC


By      _/s/Justin Elsner_____
        JUSTIN ELSNER, WSBA# 39251
        Attorney for Plaintiff

AMENDED SUMMONS- 2

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

MADHI SHISHEHGAR, an individual

                         Plaintiffs

      v.

BERKSHIRE HATHAWAY SPECIALTY
INSURANCE, a Foreign Insurance
Company; REDBRIDGE INSURANCE
COMPANY, LTD, a Foreign Insurance
Company; DIVE ASSURE a Foreign
Insurance Company

                      Defendant

NO.  25-2-03044-0 SEA

FIRST AMENDED COMPLAINT FOR
DAMAGES

COMES NOW, Plaintiff Mahdi Shishehgar, by and through attorney Justin Elsner, and

for his causes of action against Defendant Berkshire Hathaway Specialty Insurance, Defendant

Redbridge Insurance Company, and Defendant Dive Assure alleges as follows:

**I.      PARTIES**

1.  Plaintiff brings this action in his individual capacity and at all material times was

residing in King County, Washington.

FIRST AMENDED COMPLAINT FOR DAMAGES - 1

2. Defendant Berkshire Hathaway Specialty Insurance ("Berkshire") is a foreign insurance company and at all material times was conducting the business of insurance in King County, Washington.

3. Defendant Redbridge Insurance Company, LTD ("Redbridge") is a foreign insurance company and at all material times was conducting the business of insurance in King County, Washington.

4. Defendant Dive Assure is a foreign insurance company and at all material times was conducting the business of insurance in King County, Washington.

## II.    VENUE AND JURISDICTION

5. Pursuant to RCW 48.30.015(8), Plaintiff provided Defendants and the Washington Insurance Commissioner with notice of his claims ("IFCA notice").  More than twenty days have passed since this notice was provided.

6. Jurisdiction and Venue is proper in King County pursuant to RCW 4.12.025.

## III.    FACTS

7. Plaintiff is an insured and a beneficiary of an insurance contract with Defendant Berkshire, Defendant Redbridge, and Defendant Dive Assure.

8. Plaintiff purchased dive insurance policies through Defendant Berkshire on or about October 8, 2023 and Defendant Redbridge and Defendant Dive Assure on or about September 12, 2023 for a scheduled diving excursion in Iran in October 2023.

9. Defendant Redbridge underwrites policies for Dive Assure including the policy that is the subject matter of this litigation.

10. On or about October 19, 2023, while on a diving excursion in Iran, Plaintiff was injured.

11. Plaintiff subsequently filed claims for losses related to his diving injury to Defendants.

FIRST AMENDED COMPLAINT FOR DAMAGES - 2

12. Defendants have refused to pay the claimed damages.

13. Plaintiff has fully cooperated with Defendants' investigation of the claim.

14. Plaintiff had fully paid for his insurance premiums as it relates to the policies that are the subject of this litigation.

## IV. CAUSES OF ACTION

### (Insurance Fair Conduct Act – RCW 48.30.015)
### As to all defendants

15. Plaintiff reincorporates by reference all paragraphs of this complaint as if fully stated herein.

16. Plaintiff was unlawfully denied benefits under his insurance contract in violation of law including:

    a. WAC 284-30-330(4) – refusing to pay claims without conducting a reasonable investigation;

    b. WAC 284-30-330(7) - Compelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings;

    c. WAC 284-30-330(12) - Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

17. The basis for denying benefits was based on suspicion and conjecture and without a legitimate legal basis.

18. Defendants have unreasonably denied benefits that Plaintiff is entitled to.

FIRST AMENDED COMPLAINT FOR DAMAGES - 3

Elsner Law Firm, PLLC
23711 Brier Road
Brier, WA 98036
Ph: 206.447.1425
Fax: 206.324.6321

**(Consumer Protection Act – RCW 19.86 et seq)**
**As to all defendants**

19.  Plaintiff reincorporates all paragraphs of this complaint as if fully stated herein.

20. Defendants' actions described herein were in breach of an insurer's duty to act in good faith in violation or RCW 48.01.030.

21. Defendants' actions in violating RCW 48.01.030 and detracting from Plaintiff's sense of trust, confidence, and peace of mind in Defendants are in contravention to the Washington Consumer Protection Act.

22. Plaintiff has been damaged by Defendants' violations of the Consumer Protection Act.

**Breach of Contract**
**As to all defendants**

23. Plaintiff reincorporates all paragraphs of this complaint as if fully stated herein.

24. Plaintiff has fully performed the duties and obligations under the contract of insurance.

25. Defendants owed the Plaintiff benefits for damages suffered in a diving injury incident.

26. In failing to provide the benefits contracted for, Defendants breached its contract with the Plaintiff.

27. Plaintiff has suffered damage as a result of Defendants' breach of contract.

**Bad Faith**
**As to all defendants**

28. Plaintiff reincorporates all paragraphs of this complaint as if fully stated herein.

29. Defendants owed a duty to the Plaintiff to conduct themselves in good faith and in the interest of their insured with respect to its insuring obligations to Plaintiff.

FIRST AMENDED COMPLAINT FOR DAMAGES - 4

Elsner Law Firm, PLLC
23711 Brier Road
Brier, WA 98036
Ph:  206.447.1425
Fax:  206.324.6321

30. Defendants' denial of payment of benefits is a breach of their duty to deal with the Plaintiff in good faith because the denial of benefits was unreasonable, unfounded, arbitrary, and/or made without reasonable justification.

31. Defendants failed to conduct a reasonable investigation.

32. Defendants based their denial decision on inadequate information.

33. Defendants denied Plaintiff's claims based on suspicion and conjecture.

34. Defendants overemphasized their own interest in denying Plaintiff's claims.

35.  Defendants' failure to deal in good faith with its insured has damaged the Plaintiff.

## V.      PRAYER FOR RELIEF

Wherefore having fully stated his complaint against Defendants, Plaintiff prays for relief as follows:

1.  Economic damages and noneconomic damages;

2.  Exemplary damages permitted by RCW 19.86 et seq and RCW 48.30.015 or any other statute, law or rule;

3.  Attorneys' fee and costs as permitted by RCW 19.86 et seq and RCW 48.30.015 or any other statute, law, contract or rule;

4.  Any other remedy the court deems just and equitable.

Dated this 13th day of February, 2025.

ELSNER LAW FIRM, PLLC

 /s/Justin Elsner_____
Justin Elsner, WSBA #39251
Attorney for Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES - 5

Elsner Law Firm, PLLC
23711 Brier Road
Brier, WA 98036
Ph:  206.447.1425
Fax:  206.324.6321