UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADHI SHISHEHGAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BERKSHIRE HATHAWAY SPECIALTY INSURANCE, a Foreign Insurance Company; REDBRIDGE INSURANCE COMPANY, LTD, a Foreign Insurance Company; DIVE ASSURE a Foreign Insurance Company,<br><br>Defendants. | Case No. 2:25-cv-00515-JLR<br><br>**DEFENDANTS DIVEASSURE AND REDBRIDGE'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**OCTOBER 14, 2025** |

DIVEASSURE AND REDBRIDGE MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:25-cv-00515-JLR

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

STATEMENT OF PLEADED FACTS ........................................................................................1

LAW & ARGUMENT....................................................................................................................1

    I.       Standard of Review........................................................................................................2

    II.      Plaintiff's Claims Should Be Dismissed under the Iran Travel Restriction. ............2

CONCLUSION..............................................................................................................................5

DIVEASSURE AND REDBRIDGE MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:25-cv-00515-JLR

i

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)...........................................................................................2, 4

*Block v. Snohomish Cnty.*,
　No. C18-1048-RAJ, 2019 WL 954809 (W.D. Wash. Feb. 27, 2019).......................4

*C.C. v. United States Fid. & Guar. Co.*,
　No. 3:24-CV-05535-TMC, 2025 WL 71963 (W.D. Wash. Jan. 10, 2025) ..............2

*Chavez v. United States*,
　683 F.3d 1102 (9th Cir. 2012) .................................................................................2

*Coventry Assocs. v. Am. States Ins. Co.*,
　136 Wash. 2d 269 (1998).....................................................................................4, 5

*Davis v. Gen. Atomics*,
　No. 8:23-cv-00132-WLH-ADS, 2025 WL 1127872 (C.D. Cal. Jan. 23, 2025) .......5

*Diamaco, Inc. v. Aetna Cas. & Sur. Co.*,
　97 Wash. App. 335 (1999) .......................................................................................3

*Gen-Probe, Inc. v. Amoco Corp.*,
　926 F. Supp. 948 (S.D. Cal. 1996)...........................................................................4

*Gregg v. Hawaii, Dep't of Pub. Safety*,
　870 F.3d 883 (9th Cir. 2017) ...................................................................................2

*Harris v. Cnty. of Orange*,
　682 F.3d 1126 (9th Cir. 2012) .................................................................................2

*In re iPhone Application Litig.*,
　No. 11–MD–02250–LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)..............4

*Kaufman v. State Farm Fire & Cas. Co.*,
　No. 2023 WL 3599570, 2023 WL 3599570 (W.D. Wash. May 23, 2023) ..............5

*Panorama Vill. Condo. Owners Ass'n Bd. of Directors v. Allstate Ins. Co.*,
　144 Wash. 2d 130 (2001).........................................................................................3

*United States v. Corinthian Colleges*,
　655 F.3d 984 (9th Cir. 2011) ...................................................................................2

DIVEASSURE AND REDBRIDGE MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:25-cv-00515-JLR

ii

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Walker v. Hartford Ins. Co.*,
   No. C20-0084JLR, 2020 WL 1689738 (W.D. Wash. Apr. 7, 2020) ..........................2

*Whitney Equip. Co., Inc. v. Travelers Cas. & Sur. Co. of Am.*,
   431 F. Supp. 3d 1223 (W.D. Wash. 2020) ................................................................4

**Statutes**

Washington's Consumer Protection Act ...............................................................................2

Washington's Insurance Fair Conduct Act ..........................................................................1

**Rules**

Rule 8(a)(2) ...........................................................................................................................5

Rule 12(b)(6) .........................................................................................................................2

Rule 12(c) ........................................................................................................................1, 2

DIVEASSURE AND REDBRIDGE MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:25-cv-00515-JLR

iii

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

# INTRODUCTION

Plaintiff seeks insurance coverage from defendants DiveAssure and Redbridge Insurance Company for injuries sustained while diving in Iran. (Compl. ¶¶ 7-10.) But the policy he purchased specifically excludes trips to Iran. (Ans., Ex. A p. 14-15 General Exclusions ¶ 25.) On this basis, plaintiff's claims against DiveAssure and Redbridge should be dismissed under Rule 12(c).

# STATEMENT OF PLEADED FACTS

The alleged facts are minimal. Plaintiff alleges that he purchased an insurance policy through DiveAssure from Redbridge in September 2023.[1] (Compl. ¶ 7.) The description of coverage and policy terms are attached to DiveAssure's answer as Exhibit A.

In the section of the policy titled "GENERAL EXCLUSIONS," the terms of plaintiff's insurance policy include the following "Travel Limitations": "Countries that are restricted are limited to North Korea, Iran, Syria and any other locations that are known to be under duress/alert or pose a higher risk prior to departing for a trip." (Ans., Ex. A p. 15, ¶ 25.) If plaintiff had any questions, the policy instructed him to "contact DiveAssure for clarification or risk evaluation." (*Id.*)

Plaintiff alleges that he went diving in Iran in October and was injured. (Compl. ¶¶ 8, 10.) He alleges that DiveAssure and Redbridge refused to pay his claimed damages, which he claims violates Washington law and breaches his insurance contract. (*Id.* ¶¶ 13-33.)

# LAW & ARGUMENT

Based on the alleged denial of coverage, plaintiff brings four claims against DiveAssure and Redbridge: (1) violations of Washington's Insurance Fair Conduct Act; (2) violations of Washington's Consumer Protection Act; (3) breach of contract; and (4) insurance bad faith. (*Id.* ¶¶ 15-35.) Each of these claims should be dismissed.

---

[1] Contrary to plaintiff's suggestion (*e.g.*, Compl. ¶ 4), DiveAssure is not an insurance company but rather an association through which members can purchase coverage. Here, plaintiff's coverage was issued by Redbridge (*see id.* ¶ 9 (noting that Redbridge issued the policy at issue); Ans., Ex. A, Definitions (defining " 'We', 'Insurer', 'Our', and 'Us'" as "Redbridge Insurance Company"); *id.* at p. 16 (explaining that the policy is underwritten by Redbridge Insurance Company)).

DIVEASSURE AND REDBRIDGE MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:25-cv-00515-JLR

1

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

## I. Standard of Review.

Defendants DiveAssure and Redbridge move the Court to dismiss plaintiff's claims against them pursuant to Rule 12(c), which allows a party to ask the Court to render judgment on the pleadings. A Rule 12(c) motion should be "granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quotation omitted).

"[A] Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, [so] the same standard of review applies to motions brought under either rule." *Id.* (quotation omitted). Under that standard, the "Court inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In determining plausibility, the Court "discounts conclusory statements, which are not entitled to the presumption of truth[.]" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The Court does, however, consider documents attached to the motion or answer if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). Courts in this district consider insurance policies attached to motions to dismiss when the complaint is based on that policy. *See, e.g.*, *Walker v. Hartford Ins. Co.*, No. C20-0084JLR, 2020 WL 1689738, at *1 n.1 (W.D. Wash. Apr. 7, 2020); *C.C. v. United States Fid. & Guar. Co.*, No. 3:24-CV-05535-TMC, 2025 WL 71963, at *1 n.2 (W.D. Wash. Jan. 10, 2025).

## II. Plaintiff's Claims Should Be Dismissed under the Iran Travel Restriction.

Plaintiff alleges that he was injured while diving in Iran. (Compl. ¶ 10.) And it is only these injuries for which plaintiff seeks insurance coverage from DiveAssure and Redbridge. (*Id.* ¶ 11.)

DIVEASSURE AND REDBRIDGE MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:25-cv-00515-JLR

2

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

1  The insurance contract under which plaintiff seeks coverage specifically excludes travel to Iran.
2  In the GENERAL EXCLUSION section, the policy provides:

> Travel Limitations: Countries that are restricted are limited to North Korea, Iran, Syria and any other locations that are known to be under duress/alert or pose a higher risk prior to departing for a trip. Should a client or broker be in doubt they should contact DiveAssure for clarification or risk evaluation.

(Ans., Ex. A p. 15, ¶ 25 (emphasis added).)

This clause excludes coverage for plaintiff's alleged injuries. Under Washington law "insurance polices are construed as contracts." *Panorama Vill. Condo. Owners Ass'n Bd. of Directors v. Allstate Ins. Co.*, 144 Wash. 2d 130, 137 (2001) (quotation omitted). Where policy language "is clear and unambiguous, the court must enforce it as written and may not modify it or create ambiguity where none exists." *Id.* Policy language is only "ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable." *Id. See also Diamaco, Inc. v. Aetna Cas. & Sur. Co.*, 97 Wash. App. 335, 342 (1999) ("An exclusion is ambiguous if, on its face, its language is fairly susceptible to two different but reasonable interpretations.").

There is no reasonable interpretation of the exclusion that would provide plaintiff coverage for traveling to Iran. It unambiguously provides a "travel limitation" for Iran and says that it is a restricted country. There is no plausible reading of these words that would provide coverage for injuries sustained in Iran.

Because plaintiff's injuries are not covered by the policy he purchased, each of his claims fails.[2]

Plaintiff's breach of contract claim should be dismissed because neither DiveAssure nor Redbridge breached any contract by "failing to provide the benefits contracted for." (Compl. ¶ 26.) Where an exclusion bars coverage for the sought benefits, a claim for breach of the insurance contract seeking to recover those benefits fails. *See Whitney Equip. Co., Inc. v. Travelers Cas. &*

---

[2] Defendants DiveAssure and Redbridge understand that plaintiff may argue that he represented that he was traveling to Iran in his application. But this does not change the policy that he was issued prior to any travel, and, more to the point, plaintiff has neither pleaded this fact nor explained in that pleading how it would allow him to state a claim on which relief can be granted.

DIVEASSURE AND REDBRIDGE MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:25-cv-00515-JLR

3

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Sur. Co. of Am.*, 431 F. Supp. 3d 1223, 1231 (W.D. Wash. 2020) ("[T]he insured may not avoid a clear and unambiguous contractual exclusion that limits the type of recoverable damages arising from that peril.").

Plaintiff's statutory and tort claims fail, too. Each claim is premised on the same conduct and theory—that DiveAssure and Redbridge denied payment of his claim. While coverage is not always a prerequisite to a bad faith claim, *see Coventry Assocs. v. Am. States Ins. Co.*, 136 Wash. 2d 269, 279 (1998), plaintiff fails to plausibly allege facts showing that either DiveAssure or Redbridge did anything he claims to have been wrong other than denying coverage. (*See* Compl. ¶¶ 7-12.) Each of plaintiff's claims incorporates by reference the brief statement of facts, which discusses only the denial of his claim, and then offers a series of legal conclusions regarding the elements of each claim. (*See id.* ¶¶ 15, 19, 23, 28.) This is insufficient under *Twombly/Iqbal*. *See Block v. Snohomish Cnty.*, No. C18-1048-RAJ, 2019 WL 954809, at *8 (W.D. Wash. Feb. 27, 2019) ("[B]ecause Defendants removed Plaintiff's case to federal court, the federal pleading standards set forth in *Iqbal* govern the sufficiency of her Complaint.").

Even when offering these legal conclusions, the complaint uses the general term "Defendants" despite there being two separate policies issued by unrelated entities—that is, Redbridge and Berkshire Hathaway Specialty Insurance. (*See* Compl. ¶¶ 2-4,6-9.) Setting aside the lack of plausibly pleaded facts, the complaint does not even identify to which of the defendants it is referring in the recitation of each claim's elements. Instead, the complaint offers generic statements such as: "Defendants failed to conduct a reasonable investigation." (*Id.* ¶ 31.)

Lumping unrelated defendants together without alleging "what role each Defendant played in the alleged harm makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations." *In re iPhone Application Litig.*, No. 11–MD–02250–LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011). This flaw, by itself, is a basis to dismiss the complaint. *See Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) ("Even were there no other deficiencies, this confusion of which claims apply to which defendants would

DIVEASSURE AND REDBRIDGE MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:25-cv-00515-JLR

4

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

require that the complaint be dismissed with leave to file an amended complaint."); *Davis v. Gen. Atomics*, No. 8:23-cv-00132-WLH-ADS, 2025 WL 1127872, at *8 (C.D. Cal. Jan. 23, 2025) (complaint that "makes no differentiation about what claims apply to which Defendants" failed "to satisfy the notice requirement of Rule 8(a)(2)").

Last, because plaintiff does not have coverage, any bad-faith-based claim must allege harm caused by the bad faith other than the coverage denial. *See Coventry*, 136 Wash. 2d at 281 ("declin[ing] to hold in the first party context a rebuttable presumption of harm exists"). Plaintiff offers no allegation of harm besides the coverage denial. (*See* Compl. ¶¶ 7-12.) This is another reason to dismiss plaintiffs' claims. *See Kaufman v. State Farm Fire & Cas. Co.*, No. 2023 WL 3599570, 2023 WL 3599570, at *10 n.5 (W.D. Wash. May 23, 2023) (bad faith claim failed because "Plaintiffs do not allege that they incurred damages as a result of the alleged bad faith").

For these reasons, plaintiff's claims against DiveAssure and Redbridge should be dismissed.

## CONCLUSION

Based on the foregoing, DiveAssure and Redbridge respectfully request this Court grant their Motion for Judgment on the Pleadings.

DATED: September 12, 2025

Respectfully submitted,

*s/ Cornelia Brandfield-Harvey*
Cornelia Brandfield-Harvey, WSBA #59746
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Tel. 206.332.1380
Email: cbrandfieldharvey@bakerlaw.com

Sam A. Camardo (admitted *pro hac vice*)
Brittany Lockyer (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH 44114
T: 216.621.0200
E: scamardo@bakerlaw.com
E: blockyer@bakerlaw.com

*Attorneys for Defendants DiveAssure and Redbridge*

DIVEASSURE AND REDBRIDGE MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:25-cv-00515-JLR

5

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF System and was thereby served on all counsel of record.

                                              *s/ Cheryl A. Phillips*
                                              Cheryl A. Phillips

DIVEASSURE AND REDBRIDGE MOTION FOR JUDGMENT ON THE PLEADINGS
Case No. 2:25-cv-00515-JLR

6

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380