UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADHI SHISHEHGAR, | CASE NO. C25-0515JLR |
| Plaintiff, | ORDER |
| v. | |
| BERKSHIRE HATHAWAY SPECIALTY INSURANCE, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is a motion for judgment on the pleadings filed by Defendants Redbridge Insurance Company LTD ("Redbridge") and DiveAssure (together, "Moving Defendants").[1]  (MJP (Dkt. # 25); Reply (Dkt. # 28).)  Plaintiff Madhi Shishehgar opposes the motion.  (Resp. (Dkt. # 26).)  The court has considered the parties'

---

[1] Defendant Berkshire Hathaway Specialty Insurance ("BSHI") did not join Defendants' motion.  (*See generally* Dkt.)

ORDER - 1

submissions, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS Moving Defendants' motion for judgment on the pleadings.

## II.   BACKGROUND

This matter arises from Moving Defendants' denial of Mr. Shishehgar's claim for coverage for injuries he sustained during a diving excursion in Iran on October 19, 2023. (*See generally* Am. Compl. (Dkt. # 1-1).) Relevant to the current motion, Mr. Shishehgar purchased a dive insurance policy issued by Redbridge through DiveAssure[3] on September 12, 2023 (the "Travel Policy"). (*Id*. ¶¶ 7-8 (setting forth the details of the policy at issue.) The Travel Policy included a section on travel limitations under general exclusions which listed restricted countries, including Iran. (Answer (Dkt. # 8) at 2, Ex. A (Travel Policy) at 15).)

On January 31, 2025, Mr. Shishehgar initiated this action in King County Superior Court. (*See* NOR (Dkt. # 1) ¶ 1.) Mr. Shishehgar filed an amended complaint on February 13, 2025. (Am. Compl.) He brings claims for (1) violation of the Washington Insurance Fair Conduct Act ("IFCA") RCW 48.30.015; (2) violation of the Washington Consumer Protection Act ("CPA") RCW 19.86 *et seq.*; (3) breach of contract; and (4) bad faith. (*See id*. ¶¶ 15-35.) On March 24, 2025, BHSI removed the action to this District. (*See generally* NOR.) Moving Defendants moved for judgment on the pleadings on

---

[2] The parties do not request oral argument, and the court concludes that oral argument is not necessary to decide the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[3] Mr. Shishehgar got the instant travel insurance through DiveAssure from Redbridge, which underwrites policies for DiveAssure. (*Id*. ¶ 9.) DiveAssure is an association through which members can purchase coverage, not an insurance company. (MJP at 5 n.1.)

September 12, 2025. (*See generally* MJP.) The motion is now fully briefed and ripe for decision.

### III.    ANALYSIS

The court first sets forth the applicable standard of review before turning to the parties' arguments.

**A.    The Applicable Legal Standard**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In determining whether a complaint states a cognizable claim under Rule 12(c), courts apply the same legal standards applicable to motions brought under Rule 12(b)(6). *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted). The court need not, however, accept as true a legal conclusion presented as a factual allegation, *Iqbal*, 556 U.S. at 678, nor is the court required to accept as true "allegations that are merely conclusory,

ORDER - 3

unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).  "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

**B.     Moving Defendants' Motion for Judgment on the Pleadings**

Moving Defendants argue that Mr. Shishehgar's claims are barred by the explicit language in the Travel Policy denying coverage for claims arising from travel to Iran which states:

> Travel Limitations: Countries that are restricted are limited to North Korea, Iran, Syria and any other locations that are known to be under duress/alert or pose a higher risk prior to departing for a trip.  Should a client or broker be in doubt they should contact DiveAssure for clarification or risk evaluation.

(Travel Policy at 15).  Moving Defendants assert that they are entitled to judgement on the pleadings because (1) per the language of the Iran travel restriction in the Travel Policy, Mr. Shishegar is not entitled to coverage; (2) Mr. Shishehgar's claims fail because his injuries are not covered by the Travel Policy and each claim is premised on the same conduct and theory; and (3) Mr. Shishehgar improperly fails to specify in his complaint which claims are brought against which defendant(s).  (MJP at 7-9.)  In response, Mr. Shishehgar contends that (1) Moving Defendants cannot rely on the Travel Policy because he did not include it with his complaint; and (2) dismissal under the doctrine of promissory estoppel is improper.  (Resp. at 3-6.)

//

ORDER - 4

1.      The Travel Policy and Iran Travel Restriction

The court first addresses Mr. Shishehgar's argument that Moving Defendants are prohibited from referencing the Travel Policy and Iran travel restriction when moving for judgment on the pleadings because Mr. Shishehgar did not include it with his complaint. (Resp. at 3-4.)  The court disagrees.  In general, the court may not consider documents outside of the pleadings when resolving a motion for judgment on the pleadings.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citations omitted). The court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion [] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Courts may consider evidence on which the complaint "necessarily relies" if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citations omitted).

Here, the parties do not dispute the authenticity of the Travel Policy or that it contains the Iran travel restriction. (*See* MJP; *see also* Resp.)  Furthermore, there is no doubt that Mr. Shishehgar's complaint is based on Moving Defendants' denial of a claim for benefits under the Travel Policy. (Am. Compl. ¶¶ 7-14.)  Indeed, Mr. Shishehgar concedes that "the policy itself underlies [his] claims." (Resp. at 4.)  The court concludes that the complaint refers to the Travel Policy and that it is central to Mr. Shishehgar's

//

ORDER - 5

claims.  Thus, the court incorporates the Travel Policy by reference in evaluating Moving Defendants' motion.

   2. <u>Breach of Contract Claim</u>

  "In Washington, insurance policies are construed as contracts.  An insurance policy is construed as a whole, with the policy being given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Weyerhaeuser Co. v. Com. Union Ins. Co.*, 15 P.3d 115, 122 (Wash. 2000) (internal quotations omitted); *see also Overton v. Consol. Ins. Co.*, 38 P.3d 322, 325 (Wash. 2002) ("Interpretation of insurance policies is a question of law, in which the policy is construed as a whole and each clause is given force and effect.").  Ambiguities are resolved against the drafter-insurer and in favor of the insured.  *Weyerhaeuser Co.*, 15 P.3d at 122.  "A clause is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable." *Id*. (quoting *Am. Nat. Fire Ins. Co. v. B & L Trucking & Const. Co.*, 951 P.2d 250, 256 (Wash. 1998)).  However, if the language of the policy is clear and unambiguous, the court must enforce the policy as it is written and may not modify the policy or create ambiguity where none exists.  *Pub. Util. Dist. No. 1 of Klickitat Cnty. v. Int'l Ins. Co.*, 881 P.2d 1020, 1025 (Wash. 1994).

  The court concludes that Mr. Shishehgar has not plausibly alleged a breach of contract.  The contract at issue here is the Travel Policy.  Because the language of the Iran travel restriction in the Travel Policy is unambiguous that it does not cover damages sustained in Iran, (*see* Travel Policy at 14-15 (so stating)), the court must enforce the policy as written, *see Pub. Util. Dist. No. 1 of Klickitat Cnty.*, 881 P.2d at 1025.  Thus,

ORDER - 6

the court grants Moving Defendants' motion as it relates to Mr. Shishehgar's breach of contract claim.

        3.     <u>IFCA Claim</u>

An insured has a cause of action under IFCA when he is "unreasonably denied a claim for coverage or payment of benefits by an insurer[.]"  RCW 48.30.015(1)  To assert a viable IFCA claim, the plaintiff must show an unreasonable denial of benefits and damages proximately caused by such denial.  *Id.*; *Bridgham-Morrison v. Nat'l Gen. Assurance Co.*, C15-0927RAJ, 2016 WL 2739452, at *4 (W.D. Wash. Nov. 30, 2012).

The court concludes that Mr. Shishehgar has not plausibly alleged an IFCA claim because he has not shown that Moving Defendants "unreasonably" denied his claim for coverage.  Moving Defendants' denial of Mr. Shishehgar's insurance claim is unambiguously consistent with the language of the Iran travel restriction in the Travel Policy.  (Travel Policy at 15.)  Thus, the court grants Moving Defendants' motion as it relates to Mr. Shishehgar's IFCA claim.

        4.     <u>CPA Claim</u>

To state a CPA claim, a plaintiff must plead: (1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) that impacts the public interest; (4) causes injury to the party in her business or property; and (5) the injury is causally linked to the unfair or deceptive act.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 534-35 (Wash. 1986).  "Failure to satisfy even one of the elements is fatal to a CPA claim."  *Sorrel v. Eagle Healthcare, Inc.*, 38 P.3d 1024, 1028 (Wash. 2002) (citing *Hangman Ridge Training Stables*, 719 P.2d at 539-40).

ORDER - 7

The court concludes that Mr. Shishehgar has not plausibly alleged the elements of a CPA claim.  Because Moving Defendants' denial of Mr. Shishehgar's claim is wholly consistent with the Iran travel restriction in the Travel Policy, the court concludes that it does not constitute an unfair or deceptive act or practice.  Thus, the court grants Moving Defendants' motion as it relates to Mr. Shishehgar's CPA claim.

5.      Bad Faith Claim

To succeed on a bad faith claim, the insured must prove that the insurer acted in an "unreasonable, frivolous, or unfounded" manner.  *Hanson v. State Farm Mut. Auto. Ins. Co.*, 261 F. Supp. 3d 1110, 1116 (W.D. Wash 2017).

Mr. Shishehgar's bad faith claim encompasses the same allegedly unreasonable conduct as his other claims.  The court concludes that Mr. Shishehgar does not plausibly allege that Moving Defendants acted in an "unreasonable, frivolous, or unfounded" manner by denying his claim because such conduct is consistent with the terms of the Travel Policy.  Thus, the court grants Moving Defendants' motion as it relates to Mr. Shishehgar's bad faith claim.

6.      The Doctrine of Promissory Estoppel

The doctrine of promissory estoppel serves to enforce "otherwise unenforceable promises which are not supported by consideration." *Klinke v. Famous Recipe Fried Chicken, Inc.*, 616 P.2d 644, 647 (Wash. 1980).  "To obtain recovery in promissory estoppel, under Washington law," Mr. Shishehgar must establish that Moving Defendants "(1) made a promise which [] (2) [Moving Defendants] should reasonably expect to cause [Mr. Shishehgar] to change his position and (3) which does cause [Mr. Shishehgar] to

ORDER - 8

change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise." *Lucky Star Enters. III, LLC v. Wells Fargo Bank, N.A.*, 585 F. Supp. 3d 1297, 1304 (W.D. Wash. 2022) (internal quotation marks and citations omitted).

Mr. Shishehgar argues that even if the court considers the Iran travel restriction in the Travel Policy, the court should deny Moving Defendants' motion under the doctrine of promissory estoppel because factual issues regarding the nature of the denial, the Defendants' conduct, and errors made by the Defendants' agents remain.  (Resp. at 5.) Specifically, Mr. Shishehgar states that, at the time he purchased the policy (1) he informed Moving Defendants of his planned travel to Iran and (2) Moving Defendants failed to provide notice of the travel restriction on its website.  (*Id*.)  Mr. Shishehgar asserts that Moving Defendants breached the contract and should be held liable under the doctrine of promissory estoppel because "after full disclosure and in reliance on the issuance of the policy, [he] did not seek insurance elsewhere and acted in the good faith belief he had insurance coverage."  (*Id*.)  He contends that the "complaint focuses on the manner in which defendants handled and denied [his] insurance claim—not the contractual nature of the relationship itself."  (*Id*. at 6.)  The court disagrees with this reasoning.

First, Mr. Shishehgar did not include any of the above information in his complaint.  (*See* Am. Compl.)  He concedes that "all that is referenced" in his complaint is that (1) he applied for a diving insurance policy from the Moving Defendants, (2) the Moving Defendants issued a policy to him and Mr. Shishehgar paid the premium in full,

ORDER - 9

(3) he was injured while diving in Iran, and (4) Moving Defendants denied his insurance claim.  (Resp. at 4; *see generally* Am. Compl.).  Mr. Shishehgar may not "amend [his] complaint via a response brief." *Potter v. Clear Recon Corp.*, No. C24-1173LK, 2025 WL 2223454, at *9 (W.D. Wash. Aug. 5, 2025) (citation omitted).  Secondly, even if Mr. Shishehgar did include that information in his complaint, "the doctrine of promissory estoppel does not apply where a contract governs." *Spectrum Glass Co. v. Pub. Util. dist. No. 1 of Snohomish Cnty.*, 119 P.3d 854, 861 (Wash. Ct. App. 2005) (citation omitted).  Here, the Travel Policy is the contract at issue.  Mr. Shishehgar cannot assert the doctrine of promissory estoppel to circumvent the express terms of the Travel Policy, which includes the Iran travel restriction.  Thus, Mr. Shishehgar's promissory estoppel argument fails.

**C.     Leave to Amend**

Under Federal Rule of Civil Procedure 15(a), district courts are ordinarily to "freely give" leave to amend a claim subject to dismissal.  Fed. R. Civ. P. 15(a)(2).  Leave to amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016).

Here, the allegations in Mr. Shishehgar's opposition are not tethered to the claims in his complaint.  (*See generally* Resp; Am. Compl.)  The court concludes that amendment is futile because Mr. Shisheghar could not possibly allege new facts to cure the deficiencies identified herein.  Thus, the court denies leave to amend.

//

ORDER - 10

## V.    CONCLUSION

For the foregoing reasons, the court GRANTS Moving Defendants' motion (Dkt. # 25).  The court DISMISSES Mr. Shishehgar's complaint and this action with prejudice as to Moving Defendants.

Dated this 10th day of February, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 11